**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DALIA NAUDZIUNIENE, | &#124; |
| PLAINTIFF | &#124; |
| | &#124;   Jury Trial Demanded |
| | &#124; |
| v. | &#124; |
| | &#124; |
| LEHIGH VALLEY HOSPITAL, | &#124;   Civil Action No. |
| DEFENDANT | &#124; |
| | &#124; |

## COMPLAINT

Dalia Naudziuniene, plaintiff, files this complaint, demanding a jury trial and stating claims for relief as follows:

### Jurisdiction

1. Plaintiff brings this action under the Civil Rights Act of 1964.

2. This Court has jurisdiction pursuant to the following statutes:

   a. 42 U.S.C.§ 2000e-5, which gives district courts original jurisdiction over civil actions arising under Title VII of the Civil rights Act of 1964;

   b. 28 U.S.C. § 1343(a)(4), which gives district courts original jurisdiction over civil rights actions generally;

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the defendant's principal business location is located in this district.

PROCEDURAL HISTORY

4.  Plaintiff initiated a complaint alleging religious discrimination against the defendant by filing a complaint with the US Equal Employment Commission ("EEOC") on February 9, 2022.

5.  This was timely filed since the complaint was filed within 300 days of the alleged act of discrimination and the complaint was docketed as EEOC number 530-2022-00112.

6.  The Plaintiff received a Determination and Notice of Rights letter from the EEOC dated August 18, 2022 and this document is attached to this Complaint as Exhibit A.

7.  In accordance with this document, the Plaintiff has 90 days from August 18, 2022 to file a lawsuit in federal or state court.

8.  Accordingly, as long as this lawsuit is filed on or before November 16, 2022 the relevant statute of limitations has been met.

**Parties**

9.  The Plaintiff herein is Dalia Naudziuniene, with an address of 1934 Applewood Drive, Orefiled, PA 18069.

10. The Defendant herein is: Lehigh Valley Hospital, 234 N. 17th Street, Allentown, PA 18104.

**Facts**

11. The Plaintiff had been employed by Defendant since 2009 until her discharge on November 15, 2021.

12. The Plaintiff's most recent position with the Defendant was Perinatal Ultrasonographer II.

13. The Defendant is an employer with greater than 500 employees.

14. The Defendant established a policy entitled "Covid-19 Universal Vaccination Policy – Human Resources" effective August 9, 2021 which required all employees and individuals holding medical/allied health clinical privileges to be fully vaccinated against COVID-19 (the "Policy").  The Policy is attached hereto as Exhibit B.

15. Employees who fail to timely comply with this policy will be considered to have "resigned and will not be eligible to appeal the decisions through the Fair Treatment Policy."

16. Various exemptions are provided in the policy including temporary medical exemptions, medical exemptions and religious exemptions.

17. The Plaintiff was notified on August 9, 2021 by the Defendant that all employees were required to be fully vaccinated against Covid-19 by no later than October 1, 2021 in accordance with the policy.

18. The Plaintiff timely filed a religious exemption request by completing the forms provided for such a request as attachments to the Policy on August 22, 2021.  These forms were time stamped as received by the Defendant on August 24, 2021 and are attached to this complaint as Exhibit C.

19. The submitted exemption request included an attached cover letter from the Plaintiff as well as a letter from "True Hope Ministry" supporting her request for religious exemption.

20. True Hope Ministry is an outreach ministry of One Life Church of God, a Christian church.

21. On August 30, 2021 a letter from Glenn Guanowsky, Esquire, Deputy General Counsel for Litigation and Risk Management for the Defendant was received by the Plaintiff which concluded that "your exemption request has been denied."  This letter is attached as Exhibit D.

22. Mr. Guanowsky wrote a "Memorandum to File" which appears to provide the reason supporting the decision to deny the Plaintiff's exemption request. This correspondence is attached as Exhibit E.

23. Subsequent to the denial, the Plaintiff engaged in email correspondence with Mr. Guanowsky in an attempt to have him reconsider his decision. In this correspondence the Plaintiff described how other requests for religious exemptions have been granted for other employees of the Defendant while hers was dismissed out of hand. These emails are attached as Exhibit F.

24. Mr. Guanowsky, by November 4, 2021 email to the Plaintiff, stated to the Plaintiff that the denial was "final and non-appealable." See Exhibit F.

25. At no time did any representative of the Defendant meet with the Plaintiff to gather more information or to interview regarding her sincerely held religious belief.

26. Based on information and belief, other employees of the Defendant were granted religious exemptions at or around the same time as the denial to the Plaintiff.

27. The decision to deny the Plaintiff's requested religious exemption as well as the approval of the requested religious exemption by other employees was an arbitrary and capricious decision that had the effect of discriminating against the religious beliefs of the Plaintiff.

28. Plaintiff has accepted an offer of part time employment with Valley Health Partners on October 1, 2021.

29. The Plaintiff has not changed her Covid-19 vaccination status nor has her religious beliefs changed.

30. Valley Health Partners has not prevented the Plaintiff from working despite her religious belief.

### COUNT 1 – Religious Discrimination

31. Paragraphs 1-30 are referenced as if restated in full.

32. The Plaintiff was denied an accommodation request that was based upon her sincerely held religious belief and in turn was discharged from her employment.

33. The Defendant did not claim that the accommodation request was an undue hardship and, instead, determined that the Plaintiff did not hold a sincerely held belief without making any further inquiry of the Plaintiff.

34. The Defendant violated Title VII of the Civil Rights Act by summarily refusing Plaintiff's accommodation request, concluding that her religious beliefs were not "sincerely held", without making a reasonable inquiry to arrive at this conclusion.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant providing the following relief:

(a)    Compensatory damages in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b)    Punitive damages against Defendant in whatever amount, exclusive of costs and interest, the Plaintiff is found to be entitled;

(c)    An order placing Plaintiff in the position that she would have been in had there been no violation of her rights, as appropriate;

(d)    An award of interest, costs, and reasonable attorney's fees; and

(e)    Such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Gerald R. Clarke_____
Gerald R. Clarke, Esquire (86236)
119 S. Easton Road, Suite 207
Glenside, Pa 19038
215-572-0530
Email: jclarke@clarkeandassoc.com
Attorney for Plaintiff

Dated: October 25, 2022